**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**KURT KLINE, individually and on behalf of a class of similar persons,**

***Plaintiff,***

**v.**

**U.S. BANK, NA AS TRUSTEE FOR GMACM HOME EQUITY LOAN-BACKED CERTIFICATES, SERIES 2004-HE3, *et al.*,**

***Defendants.***

**Civil No.: 8:26-cv-02458-JRR**

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff Kurt Kline's Motion to Remand at ECF No. 12 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I. Background**

On May 8, 2026, Plaintiff initiated this action on behalf of himself and others similarly situated in the Circuit Court for Montgomery County, Maryland. (ECF Nos. 1, 7.) Plaintiff contends that Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") violated the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW § 13-101, *et seq.*, as to him individually and as to the proposed class, by failing to comply with its mandatory duty to respond to complaints or inquiries arising from its residential mortgage loan servicing (Count I); and seeks declaratory judgment individually against both Defendants U.S. Bank, NA as Trustee for GMACM Home Equity Loan-Backed Certificates, Series 2004-HE3 ("GMACM 2004-HE3") and Shellpoint related to their obligations under, compliance with, and

violations of Title 12, Subtitle 9 of the Maryland Commercial Law Article ("OPEC") (Count II). (ECF No. 7.)

As to Count I, Plaintiff and the putative class seek:

> (i) reasonable nominal damages as expressly authorized by GEN PROVIS § 1-107.1 and COM. LAW § 13-316(2) for each of Shellpoint's violations of COM LAW §13-316(c)(2),
> (ii) reasonable attorney fees and reasonable costs as permitted and authorized by COM. LAW 26 § 13-408(b); and
> (iii) in a total sum in excess of $75,000.00 (on an aggregated basis for the Plaintiff and the Shellpoint Class members).

*Id.* at pp. 25–26. As to Count II, Plaintiff seeks declaratory judgment under MD. CODE ANN., CTS & JUD. PROC. § 3-409 & COM. LAW § 12-918(a)(2) to include, among other things, that Defendants "should be Ordered to pay all reasonable attorney's fees and interests due under OPEC pursuant to" MD. CODE ANN., COM. LAW § 12-918(a)(3).[1] *Id.* at p. 27.

Defendants jointly removed the action to this court on June 18, 2026. (ECF No. 1.) Defendants seek to invoke this court's diversity jurisdiction, contending there is complete diversity among the parties and that the amount in controversy as to Plaintiff in particular exceeds $75,000. *Id.* ¶¶ 12–31. As to the amount in controversy requirement, Defendants proffer evidence that, should Plaintiff prevail on Count II, his monetary damages would total $8,327.53. *Id.* ¶¶ 22–24. *See also* Shellpoint Decl., ECF No. 1-15 ¶¶ 6–9. For the balance of the amount in controversy requirement, Defendants contend that the MCPA provides for an award of attorneys' fees, *see* MD. CODE ANN., COM. LAW § 13-408(b), and that "[s]tatements of attorneys' fees provided in similar cases by Plaintiff's counsel, Mr. Phillip Robinson, under Appendix B of the Court's Local Rules

[1] Defendants' contention regarding attorneys' fees exceeding $75,000 pertains solely to Count I per their Notice of Removal (ECF No. 1) and related supplement (ECF No. 5.) To the extent they now attempt to argue that Plaintiff's claim for attorneys' fees pursuant to Count II similarly exceeds $75,000, *see* ECF No. 17 at p. 5, they present no evidence in support of such a position in their Notice of Removal (and supplement). The court does not otherwise consider it for this reason. Further, even were the court to consider it, it would fail for the same reasons discussed herein.

demonstrate that Plaintiff cannot prosecute [his] individual claim pursuant to Count I through trial for less than $75,000." (ECF No. 1 ¶¶ 26–27.) Specifically, Defendants filed a supplement with appended exhibits that reflect prior demands for attorneys' fees made by Plaintiff's counsel in cases Defendants contend are "similar," *see* ECF No. 5, and rely upon counsel's hourly rate under the Fitzpatrick Matrix and Appendix B to the District of Maryland Local Rules, *see* ECF No. 1 ¶ 29. Plaintiff subsequently moved to remand this action for lack of jurisdiction, specifically because he contends Defendants have failed to show that the amount in controversy requirement is met here. (ECF No. 12.)

## II. Legal Standard

With limited exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)). Removal jurisdiction raises "significant federalism concerns." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)). Federal courts must, therefore, "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted). "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

**III. Analysis**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Accordingly, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Defendants here invoke this court's diversity jurisdiction, which provides federal district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A] court determines the existence of diversity jurisdiction 'at the time the action is filed.'" *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). Removability is similarly determined based "upon the state of the pleadings and the record at the time of the application for removal," *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (citations omitted), and the court's consideration of the basis of removal is limited to the "facts surrounding jurisdictional disputes to those set forth in the notice of removal," *Ndzerre v. Liberty Power Corp., LLC*, 318 F. Supp. 3d 761, 766 (D. Md. 2018).

"In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or

unspecified in the complaint."[2] *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002); *see ARCO Nat'l Constr., LLC v. MCM Mgmt. Corp.*, No. CV ELH-20-3783, 2021 WL 4148456, at *11 (D. Md. Sept. 10, 2021) (same). Where the grounds for removal rest on diversity of citizenship, and Plaintiff claims a specific amount of damages, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" *Francis*, 709 F.3d at 367 (quoting 28 U.S.C. § 1446(c)(2)). Thus, where a plaintiff claims "a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed." *Momin*, 205 F. Supp. 2d at 509; *see Grayson v. Freedom Mortg. Corp.*, No. GJH-18-1375, 2018 WL 6505513, at *1 (D. Md. Dec. 11, 2018) (same). If, however, "a complaint 'does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000].'" *Francis*, 709 F.3d at 367 (alteration in original) (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993)).

Because Plaintiff's Complaint does not claim a specific amount of damages as to him individually, or that his individual damages (or even the aggregated putative class damages) are less than $75,000, Defendants must prove by a preponderance of evidence that the amount in controversy exceeds $75,000 as to Plaintiff.[3] Because "Defendants invoking § 1332(a) cannot

---

[2] There is no dispute that there is complete diversity among the parties. (ECF No. 1 ¶¶ 14–17.) *See Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (regarding complete diversity).

[3] In his Motion, Plaintiff asserts the preponderance of evidence standard is applicable here. (ECF No. 12-1 at p. 5) ("The Defendants generally bear the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount of $75,000 for a single plaintiff."). In response, Defendants appear to heighten their burden, stating they must "prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed." (ECF No. 17 at p. 2) (quoting *Williams v. Bank of New York Mellon*, No. CIV. CCB-13-680, 2013 WL 2422895, at *2 (D. Md. June 3, 2013)). In reply, Plaintiff (expectedly) adopts the heightened burden as well. (ECF No. 19 at p. 3) ("The Defendants initially identify the correct standard of removal: they, not Mr. Kline, bear the burden of showing to a legal certainty that federal jurisdiction 'at the time the notice of removal is filed,' and later events do not create jurisdiction."). Inasmuch as Plaintiff does not appear to claim a specific amount of damages individually (and instead claims that the amount is in excess of $75,000 in the aggregate for both Plaintiff and the putative class), this dispute would appear to fall within the latter category for which Defendants must prove the amount

aggregate class members' damages to meet the $ 75,000 amount in controversy requirement," *Ndzerre*, 318 F. Supp. 3d at 764, Defendants must show by a preponderance of evidence that Plaintiff's damages "individually surpass $75,000." *Grayson*, 2018 WL 6505513, at *1 (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558–59 (2005)). *See Ayers v. CIOX Health, LLC*, 735 F. Supp. 3d 607, 619 (D. Md. 2024) (same). While generally "attorneys' fees are not included in the amount-in-controversy calculation," they may be considered when a statute under which the plaintiff sues permits (or mandates) an award of attorneys' fees. *Francis*, 709 F.3d at 368; *see also Ayers*, 735 F. Supp. 3d at 619 (same).

As mentioned above, Defendants append to their Notice of Removal purported evidence to show Plaintiff's individual damages total $8,327.53, *see* ECF No. 1-15 ¶¶ 6–9, and that "Plaintiff is certain to recover greater than $75,000 in attorneys' fees individually if he prevails on Count I," based on "[s]tatements of attorneys' fees provided in similar cases by Plaintiff's counsel" and the Fitzpatrick Matrix under Appendix B of the Court's Local Rules.[4] (ECF No. 5 at p. 2.) Specifically, Defendants offer correspondence from Plaintiff's counsel in other cases that detail attorneys' fees ranging from $43,215.00 to $111,924 at their respective stages of litigation.[5] (ECF

---

in controversy by a preponderance of evidence. For the reasons set forth herein, the court finds Defendants do not meet either standard.

[4] Defendants suggest this court should reject Plaintiff's pleadings as manipulative and not made in good faith because Plaintiff seeks nominal damages in Count I. (ECF No. 5 at pp. 4–5.) Just as Defendants have a right to remove an action from state court in accordance with the relevant law, it is Plaintiff's right, as Plaintiff notes, to define the scope of his Complaint and determine the claims he wishes to bring. *Johnson v. Charlotte-Mecklenburg Schs. Bd. of Educ.*, 20 F.4th 835, 844 (4th Cir. 2021) ("The plaintiff is the 'master of her complaint and determines which claims to bring.") (citation modified) (quoting *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 728 (4th Cir. 2021)). Indeed, the court does not find Plaintiff's request for nominal damages and attorneys' fees in excess of $75,000, both of which are authorized by statute, constitutes a bad faith pleading. *See White v. NewRez LLC*, No. CV RDB-20-1259, 2020 WL 4748539, at *5 (D. Md. Aug. 17, 2020) (noting "[i]f [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove") (alterations in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)).

[5] Plaintiff objects to the court's consideration of these matters and asks the court to strike the filings. The court declines to do so. That the materials ultimately prove unpersuasive is insufficient to justify the disfavored remedy of striking. *See Bernard v. Rideout*, No. CV MJM-23-2235, 2024 WL 2830993, at *2 (D. Md. June 4, 2024), *aff'd,* No. 24-1633, 2026 WL 1602283 (4th Cir. June 4, 2026) ("Striking portions of a pleading is 'a drastic remedy' and accordingly, motions to strike are 'generally viewed with disfavor.'") (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*,

Nos. 5-1–5–4.) Ultimately, the court finds Defendants fail to show by a preponderance of the evidence that the amount in controversy requirement is met.

As noted above, Defendants offer correspondence from Plaintiff's counsel in other cases regarding his demand for attorneys' fees in those cases. While Defendants contend these cases are "similar" to the instant matter, *see* ECF No. 5 at p. 2, there are material differences that would bear on any award of attorneys' fees in this action and thus weaken the probative value of such correspondence. First, each case referenced by Defendants involved multiple Maryland statutory claims as well as claims under the Real Estate Settlement Procedures Act ("RESPA") and/or the Fair Debt Collection Practices Act. (ECF No. 5.) Here, Plaintiff brings a single Maryland statutory claim under the MCPA, as well as a request for declaratory judgment. Counsel's requested fees in other, seemingly more complex cases—and cases where more significant monetary damages were sought, *see* ECF No. 12-1—offer limited probative value as to whether the amount in controversy here exceeds $75,000 as to Plaintiff individually. The common thread underlying the correspondence is merely the attorney making the fee request—Plaintiff's counsel—(and seemingly Defendants' counsel), but not necessarily the statutes invoked, the complexity of the case, the nature of the claims asserted, or, as discussed more below, what pro rata portion of any award of attorneys' fees on class claims would be attributable to Plaintiff individually. Defendants call these considerations "splitting hairs" and "irrelevant"; the court disagrees. (ECF No. 17 at p. 7.)

Second, only two of the purportedly similar cases included class claims, and Defendants offer nothing to suggest that the classes there were similar in size to the putative class here, or that

---

252 F.3d 316, 347 (4th Cir. 2001)). Plaintiff offers no cognizable basis why such materials are not properly considered as to their merit or lack of same.

the legal and factual issues are comparable. On this point, a previous opinion of this court is helpful:

> Defendant must prove by a preponderance of the evidence that Plaintiff's attorney will accumulate greater than $35,320 in fees as to her specifically, and not merely to the class. The legal fees on the class claims must therefore be divided pro rata to determine the portion attributable to Plaintiff, and then added to the fees Plaintiff's attorney will incur as to Count VII, which is an individual claim for violation of the Maryland Consumer Debt Collection Practices Act and the Maryland Consumer Protection Act. Because Defendant has offered no evidence as to the size of the putative class, the Court would have to speculate as to the pro rata determination of the class claims. Absent any evidentiary showing or affidavit that Plaintiff's counsel is unable to prosecute Count VII for less than $35,320 in fees, the Court finds that Defendant's proffer of the amount of fees awarded in other cases involving different counsel, different statutes, and/or different postures is insufficient to meet the preponderance of the evidence standard. *See Ndzerre v. Liberty Power Corp.*, 318 F. Supp. 3d 761, 766 (D. Md. 2018) (granting remand where plaintiff provided only a "speculative and unsupported assertion" as to the amount of attorney's fees).

*Grayson v. Freedom Mortg. Corp.*, No. GJH-18-1375, 2018 WL 6505513, at *2 (D. Md. Dec. 11, 2018). These same deficiencies are present here. In the absence of specific information about the putative class and claims before this court, the court is left to speculate as to what pro rata portion of attorneys' fees would be attributable to Plaintiff's individual claims.

Finally, Defendants' assertions as to the Fitzpatrick Matrix are unpersuasive for these same reasons. Again, the argument neglects the proportionality of Plaintiff's relief in the context of the class, leaving the court to speculate, as described above. Additionally, as set forth in the Local Rules, the Fitzpatrick Matrix provides "a useful guideline" to determine the reasonableness of hourly rates.[6] (ECF No. 1 ¶ 29.) Defendants' exhibits also only reflect the plaintiff's (or plaintiffs') demand for attorneys' fees, not entry of a court order awarding (or otherwise regarding)

---

[6] Appendix B.3 suggests a "reduction of 5% to 20% (to reflect differences between the legal markets in Washington, D.C. and Maryland)." By footnote, Defendants reference calculations with a 10% reduction. (ECF No. 1 ¶ 29 n.1.)

reasonable attorneys' fees. Thus, Defendants' argument focusing on the Fitzpatrick Matrix rests on assumption and speculation, and is therefore unpersuasive.[7]

In sum, Defendants fail to show by a preponderance of the evidence that the amount in controversy as to Plaintiff individually exceeds $75,000. In failing to do so, they fail to invoke this court's jurisdiction; therefore, the court will remand this action to the Circuit Court for Montgomery County.[8]

## IV. Conclusion and Order

For the foregoing reasons, it is this 12th day of November 2026,

**ORDERED** that the Motion (ECF No. 12) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that this action is **REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**.

Madam Clerk shall **CLOSE** this case.

/S/

Julie R. Rubin
United States District Judge

[7] In their opposition, Defendants also point to Plaintiff's case information report (ECF No. 1-3) and the manner in which Plaintiff's counsel litigates to support their showing as to the amount in controversy. (ECF No. 17 at pp. 6–7.) Even assuming such bases are properly before the court (despite the absence of such argument in Defendants' Notice of Removal), the court is not persuaded. That counsel completed an administrative form indicating monetary damages between 30,000 and 100,000 for the action as a whole provides no evidentiary basis on which to conclude that Plaintiff's individual claims exceed $75,000. (ECF No. 1-3.) To be sure, the form could support a reading that counsel anticipates monetary damages of up to $100,000 in the aggregate; but it equally supports that counsel anticipates monetary damages could total less than $75,000. The case information report simply has no persuasive value here. Defendants also suggest that "Plaintiff's counsel litigates matters in such a way where it a legal certainty that the attorney['s] fees will be significant," citing to prior cases with Plaintiff's counsel. Plaintiff notes, however, a number of other cases with this same counsel that did not include the extended litigation practice Defendants describe. Regardless, this sort of comparison is premised on speculation as to what will unfold here and is therefore uncompelling and unpersuasive.

[8] Because the court concludes remand is proper, it does not reach Plaintiff's remaining argument that this court should decline to exercise jurisdiction. (ECF No. 12-1 at pp. 12–14.)